Danning Jiang, Esq. (CA BAR No. 196985)
LAW OFFICES OF DANNING JIANG
271 North First Street
San Jose, California 95113
Tel.: (408) 299-0800
Fax: (408) 299-0300
E-mail: Djiang@jianglawgroup.com

Attorneys for Plaintiff
eAdGear, Inc., dba www.eadgear.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| eAdGear, Inc., dba www.eadgear.com,<br><br>   Plaintiff,<br><br>Vs.<br><br>Lewis Liu, aka Wei Liu; www.eadgear.ca; www.zeekrewards.com; Xinzheng Wire Mesh Co., Ltd.; and Xinzheng Companies (America), Inc., and DOES 1-10, inclusive,<br><br>   Defendants. | CASE NO. CV-11-05398 RMW (JCS)<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Courtroom:  6<br>Judge:      Hon. Ronald M. Whyte<br><br>Action Filed: November 7, 2011<br>Trial Date:   None |

Plaintiff, eAdGear, Inc., dba www.eadgear.com (hereinafter "Plaintiff" or "eAdGear"), has filed a motion for default judgment against defendant Lewis Liu, aka Wei Liu (hereinafter "Defendant"). It is **HEREBY ORDERED, ADJUDGED AND DECREED** that:

//

1. Default judgment is entered in favor of Plaintiff and against Defendant for the following claims two claims: (1) false designation of origin under the Lanham Act § 43(a), 15 U.S.C. § 1125(a); and (2) cyberpiracy, in violation of the Anticybersquatting Consumer Protection Act, under 15 U.S.C. § 1125(d).

2. The Court awards $100,000 in statutory damages in favor of Plaintiff and against Defendant on the basis of Defendant's cyberpiracy.

3. The Court awards $595 in case costs in favor of Plaintiff and against Defendant.

4. IT IS FURTHER ORDERED that the domain name eadgear.ca is transferred and assigned to Plaintiff without further order of the Court.

5. IT IS FURTHER ORDERED that a permanent injunction is entered against Defendant as follows:

Defendant and his officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates and any and all persons and entities under Defendant's direction or control, or in active concert or participation with him, are immediately and permanently enjoined and restrained throughout the world from:

A. Using any reproduction, counterfeit, copy or colorable imitation or designation confusingly similar to the eAdGear Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of Plaintiff's name and Plaintiff's eAdGear Trademarks;

C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods or

services as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods or services into commerce;

D.  Using any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar or substantially similar designation of the eAdGear Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Plaintiff;

E.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products manufactured, distributed, sold or rented by Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

F.  Dealing in services that constitute infringements of any of the eAdGear Trademarks or that infringe or impair Plaintiff's rights in, or to use or to exploit, said eAdGear Trademarks, or constituting any dilution of Plaintiff's name, reputation or goodwill;

G.  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs "A" through "F", above, including without limitation assisting, aiding or abetting any other person or business entity to engage in or perform any of the above described acts.

6. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof and the punishment of any violations thereof.

7. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants, which shall be a final and binding order and resolve this action.

**IT IS SO ORDERED.**

DATED:__9/12/12_____          By:___*Ronald M. Whyte*___
                                        HON. RONALD M. WHYTE
                                        United States District Judge